# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

WILLIAM C. BREWER,

:

    Petitioner,                                    Case No. 3:09-cv-462

:          District Judge Timothy S. Black[1]

   -vs-                                          Magistrate Judge Michael R. Merz

STATE OF OHIO,

:

    Respondent.

## REPORT AND RECOMMENDATIONS

      This habeas corpus case is before the Court for decision on the merits.

      Petitioner has never filed a petition in the form required by the Rules Governing § 2254 Cases. Instead, numerous papers arguing his position which he sent to District Judge Walter Rice were accumulated and filed as the Petition (Doc. No. 1). Respondent had the same difficulty as the Court in interpreting these papers and has thus concluded that the issues Petitioner wants this Court to adjudicate were those set forth in his second attempt to file in Case No. 3:10-cv-001; to those claims, Respondent has filed an Answer (Doc. No. 17) and Petitioner had filed numerous additional argumentative documents which the Magistrate Judge construes as his Reply (Doc. Nos. 21, 22, 24, and 26).

      Petitioner is in the custody of Robin Knab, Warden of the Chillicothe Correctional

---

[1]This case, previously assigned to District Judge Thomas M. Rose, was among those cases randomly reassigned to District Judge Timothy S. Black upon his appointment to the bench.

-1-

Institution, upon his conviction in Montgomery County Common Pleas Court in Case Nos. 2006 CR 03678 and 2003 CR 01750. Mr. Brewer raises the following grounds for relief:

> **Ground One:** Violation of Fast and Speedy Trial Rights, and the Trial Court lacked jurisdiction to conduct bench trial when no jury waiver in court exists.
>
> **Supporting Facts:** The trial date was set beyond the fast and speedy (90) day time period despite the defendant having never been released on bail, or waiving in writing, just as the defendant never waived his constitutional right to a jury trial in open court on the records, and the court substituted judges from the suppression hearing to the jury waiver without just cause.
>
> **Ground Two:** Violation of right to effective assistance of trial counsel 6th Amendment, 14th Amendment.
>
> **Supporting Facts:** counsel failed to request a dismissal of all charges based upon the fast and speedy trial violation of probation violation which was done without a formal hearing.
>
> **Ground Three:** Manifest weight of the evidence
>
> **Supporting Facts:** Petitioner claims actual innocence and submits that there was absolutely no "legal evidence" produced at trial, therefore the petitioner invokes [sic] the so-called no evidence rule. The conviction was based upon hearsay evidence that was coerced by the state prosecutor's office because the alleged victim was refusing to testify.
>
> **Ground Four**: Trial court revoked probation without conducting a hearing in violation of due process and equal protection of law.
>
> **Supporting Facts:** A probation officer was never called to court, and the trial judge stated my probation officer was not need. [sic].

## Analysis

### Deprivation of Speedy Trial Rights

In his first ground for relief, Petitioner claims in part that he was denied his right to a speedy trial; in his second ground he claims he was denied effective assistance of counsel when his trial attorney did not file a motion to dismiss on this basis. A person charged with a criminal offense in Ohio has two different rights to a speedy trial. One of them is a statutory right under Ohio Revised Code § 2945.71 and the other is a constitutional right under the Sixth Amendment.

A federal habeas corpus court can only consider federal constitutional claims. 28 U.S.C. §2254(a); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). This Court cannot, therefore, consider directly the question whether Petitioner was brought to trial within the time required by Ohio Revised Code § 2945.71. However, it must consider that question indirectly in determining whether Petitioner received ineffective assistance of trial counsel. Under the governing standard for effective assistance of counsel, to establish such a claim, a habeas petitioner must show some serious defect in counsel's performance and prejudice resulting from that defect. *Strickland v. Washington,* 466 U.S. 668 (1984).

In the Ohio Court of Appeals, Petitioner raised as his Third Assignment of Error that he received ineffective assistance of trial counsel in that his counsel failed to file a motion to dismiss for violation of the Ohio speedy trial statute. Under Ohio Revised Code § 2945.71, a person must be brought to trial within 270 days of arrest, with each day of pretrial confinement counted as three days against the limit. The Court of Appeals found that Petitioner was in fact held only two days

on Case No. 2006-CR-03678 and after that on a detainer for violation of community control in Case No. 2003-CR-01750. *State v. Brewer*, 2008 Ohio 2715, 2008 Ohio App. LEXIS 2276 ¶ 38 (Ohio App. 2nd Dist. June 6, 2008). The Court of Appeals concluded that, since a motion to dismiss under Ohio Revised Code § 2945.71 would have had no merit, it was not ineffective assistance of trial counsel to fail to make such a motion. *Id.*. The Ohio Court of Appeals applied the correct United States Supreme Court precedent, *Strickland, supra. Id.*. at ¶ 36. Its application was objectively reasonable and therefore entitled to deference by this Court under the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"). Petitioner's claim of ineffective assistance of trial counsel for failure to raise the Ohio statutory speedy trial claim is without merit.

As to any claim of violation of the Sixth Amendment right to speedy trial, Petitioner has waived this claim by never presenting it to the state courts. Even if the claim had been preserved, it is without merit as Petitioner was brought to trial well within the time allowed by the federal Constitution. *Barker v. Wingo,* 407 U.S. 514, 530-32 (1972).

**Waiver of Jury Trial**

In the second part of this first Ground for Relief, Petitioner asserts the Common Pleas judge was without jurisdiction to conduct a bench trial because there was no properly executed waiver in open court.

Here again federal and state rights must be distinguished. There is a federal constitutional right to trial by jury which is applicable to the States through the Fourteenth Amendment Due

Process Clause. *Duncan v. Louisiana*, 391 U.S. 145 (1968). That right can be waived by a defendant who acts knowingly, intelligently, and voluntarily in doing so. *Sowell v. Bradshaw*, 372 F.3d 821 (6th Cir. 2004), citing *Patton v. United States*, 281 U.S. 276, 312-13 (1930). There is no federal constitutional requirement that a jury waiver be signed in open court. Petitioner did not make a claim of deprivation of his federal right to trial by jury in the state courts and does not expressly make one now.

Ohio law is more restrictive than federal law in this regard. Under Ohio law, a jury waiver must be made in open court.

> 1. A waiver of the right to a trial by jury must not only be made in writing, signed by the defendant, and filed as a part of the record, but must also be made in open court. (R.C. 2945.05, applied.)
>
> 2. To satisfy the 'in open court' requirement in R.C. 2945.05, there must be some evidence in the record that the defendant while in the courtroom and in the presence of counsel, if any, acknowledged the jury waiver to the trial court.

Syllabus in *State v. Lomax,* 114 Ohio St. 3d 350, 872 N.E. 2d 279 (2007), quoted in *State v. Brewer*, supra, at ¶¶ 26-27. The Court of Appeals here held that this standard was satisfied in this case. Whether or not the trial court complied with Ohio Revised Code § 2945.05 is purely a question of state law which cannot be reconsidered by a federal habeas court.

### Substitution of Judges

In the Supporting Facts for his first Ground for Relief, Petitioner asserts the Common Pleas Court changed judges assigned to his case between the suppression hearing and the jury waiver. This fact, if it happened, does not implicate any federal constitutional right.

## Revocation of Probation (Community Control)

In his fourth Ground for Relief, Petitioner complains that the Common Pleas Court revoked his community control sentence in Case No. 2003-CR-01750 without a hearing in violation of his due process and equal protection rights. In the second part of Ground Two, he claims ineffective assistance of trial counsel because his attorney did not object to this.

Petitioner raised the lack of a hearing as his Fourth Assignment of Error on direct appeal. In denying this assignment, the Court of Appeals held:

> [*P41] At the sentencing hearing in Case No. 2006-CR-03678, the trial court not only sentenced Defendant for aggravated burglary, abduction and having weapons under a disability, but also revoked Defendant's community control in Case No. 2003- CR-01750 based upon Defendant's convictions in 2006-CR-03678. Defendant argues that the revocation of his community control without first conducting a hearing violated his rights to the minimum due process requirements set forth in *Gagnon v. Scarpelli* (1973), 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656.
>
> [*P42] Defendant failed to object to the procedure the court used in revoking his community control in Case No. 2003-CR-01750, and as a result he has waived all but plain error. *State v. Blakeman*, Montgomery App. No. 18983, 2002 Ohio 2153. Plain error does not exist unless it can be said that but for the error the outcome of the trial would clearly have been otherwise. *State v. Long* (1978), 53 Ohio St.2d 91, 372 N.E.2d 804.
>
> [*P43] With respect to community control revocation proceedings, all that is required is an informal hearing structure that is sufficient to insure that the finding of a violation will be based upon verified facts and that the exercise of discretion will be informed by an accurate knowledge of the probationer's behavior. *Blakeman*.
>
> [*P44] The trial court gave Defendant notice at the time it returned its guilty verdicts against him in the 2006 case that at the sentencing hearing in that case it would also address the revocation of Defendant's community control in Case No. 2003-CR-01750. At that

> sentencing hearing, the trial court gave both Defendant and his counsel the opportunity to be heard, and ultimately concluded that Defendant had violated his community control in the 2003 case as a result of his convictions in the 2006 case. The court revoked Defendant's community control and imposed a three year sentence in the 2003 case to be served consecutively to the sentence imposed in the 2006 case.
>
> [*P45] Having entered a judgment of conviction against Defendant in the 2006 case, which was itself a violation of Defendant's community control, the trial court was not required to conduct a further hearing to determine whether Defendant had violated his community control. Even had the trial court held such a hearing, it cannot be said that the outcome of that revocation hearing would have clearly been any different. No error, much less plain error, has been demonstrated.

*State v. Brewer, supra*, at ¶¶41-45.

Petitioner raised his federal constitutional due process claim in the state courts only on direct appeal and the Ohio Court of Appeals considered it only on a plain error basis. State court review for plain error does not waive any procedural default which exists in presenting the claim in the trial court. *Lundgren v. Mitchell,* 440 F.3d 754, 765 (6th Cir. 2006); *White v. Mitchell,* 431 F.3d 517, 525 (6th Cir. 2005); *Biros v. Bagley*, 422 F.3d 379, 387 (6th Cir. 2005); *Hinkle v. Randle,* 271 F.3rd 239 (6th Cir. 2001), citing *Seymour v. Walker*, 224 F.3rd 542, 557 (6th Cir. 2000)(plain error review does not constitute a waiver of procedural default); *accord, Mason v. Mitchell,* 320 F.3d 604 (6th Cir. 2003). Because Petitioner did not object at trial on this basis, he procedurally defaulted in presenting the claim to the state courts and cannot obtain federal merits review.

Alternatively, this claim is without merit. As the Court of Appeals noted, Petitioner received the required due process with respect to revocation. The trial judge notified him in advance that he would consider revocation at the sentencing hearing on the subsequent case. The facts on which revocation was based – the subsequent conviction – were proved beyond a reasonable doubt at trial

where Petitioner had the full due process protections available at any trial: appointed counsel, a grand jury indictment, ability to cross-examine opposing witnesses and to call witnesses in his own behalf, and the presumption of innocence. The gravamen of Petitioner's claim as stated in the Supporting Facts is that his probation officer was never called as a witness, but the revocation was not based on any out-of-court statement by the probation officer.

Because there was no deprivation of due process in the failure to call the probation officer, there was no ineffective assistance of trial counsel in Petitioner's trial attorney's failure to object.

## Weight of the Evidence

While Petitioner labels his third Ground for Relief "manifest weight of the evidence," his supporting facts indicate he is relying on what he calls the "no evidence rule." The Magistrate Judge interprets this as a claim made under *Jackson v. Virginia*, 443 U.S. 307 (1979), that there was insufficient evidence to convict. In particular, Petitioner asserts "[t]he conviction was based upon hearsay evidence that was coerced by the state prosecutor's office because the alleged victim was refusing to testify."

The Ohio Court of Appeals considered the evidence at trial in ruling on Petitioner's first assignment of error. It found:

> [*P17] Defendant argues that the trial court lost its way in finding him guilty because the testimony of the State's witnesses is not credible, and there was no physical evidence to corroborate the testimony of the State's witnesses that Defendant entered Kinney's apartment through a window.
>
> [*P18] The credibility of the witnesses and the weight to be given to their testimony were matters for the trier of facts, the trial court

here, to determine. *DeHass*. The victim, Treadwell, and her sister, Kinney, unequivocally testified that Defendant entered Kinney's apartment through a window, that Defendant was carrying a rifle, and that Defendant at gunpoint forced Treadwell to go with him.

[*P19] Contrary to Defendant's claim, Treadwell did not testify that she went voluntarily with Defendant. Treadwell testified that she went with Defendant because she felt threatened by the rifle Defendant possessed and pointed at both her and her sister. The testimony of Treadwell and Kinney was sufficient competent, credible evidence on which the trial court could find Defendant guilty of aggravated burglary, abduction and having weapons under a disability.

[*P20] The testimony of Treadwell and Kinney was not contrary to the guilty verdicts. Furthermore, the fact that Kinney did not tell police when she called that Defendant had entered her apartment through a window, and the fact that police never attempted to collect any physical evidence from Kinney's apartment, does not render the testimony of Treadwell and Kinney unworthy of belief. The trier of facts, the trial court, did not lose its way simply because it chose to believe the testimony of the State's witnesses and rejected Defendant's claim that Treadwell, Kinney and the police were engaged in a conspiracy to get him.

*State v. Brewer, supra*, at ¶¶ 17-20. The Court of Appeals found this evidence sufficient to meet the manifest weight test. *A fortiori* it is sufficient to meet the much lighter burden of *Jackson v. Virginia, supra.* Contrary to Petitioner's claim, there is no constitutional obligation on the State to present fingerprint evidence to prove the burglary; the direct testimony of the two eyewitnesses is sufficient. Petitioner's weight/sufficiency of the evidence claim is without merit.

**Issues Raised in the Reply**

Petitioner has made no formal habeas corpus claims other than the ones dealt with above. However, he vehemently raises claims in the multitude of documents which the Court has construed as his Reply. The Magistrate Judge will attempt to deal with those as best he can understand them. Many of them deal with purported errors in the 2003 conviction, but Petitioner never took a timely direct appeal from that judgment. He only attempted to appeal three and one-half years later, on March 7, 2007, when he was facing revocation of community control as a result of his second case, which involved the same victim as the first case.

1. Denial of speedy trial in the 2003 case. This issue is waived by failure to appeal from the final judgment in that case.
2. Reindictment after dismissal in the 2003 case. This issue is waived by failure to appeal from the final judgment in that case.
3. Separate sentencing for allied offenses of similar import. This claim is waived by failure to raise it on appeal from judgment.
4. Asserted violation of Fed. R. Crim. P. 24. This rule does not apply in state court proceedings.
5. Application of Fed. R. Crim. P. 52 to correct errors on appeal. This rule is not available to a federal habeas corpus court considering a state court judgment.
6. Petitioner's claim that he was not reindicted in Case 2003-CR-01750. This claim is plainly refuted by Exhibit 2 to the Return of Writ which is a copy of the Reindictment. The record

also shows that on or about October 14, 2003, Petitioner pled no contest to Count Two of the Reindictment. (Exhibit 3 to Return of Writ.)

7. Petitioner's claim that the first dismissal in 2003-CR-01750 was with prejudice. The record does not support this claim and in any event it is waived by Petitioner's plea of no contest to Count Two of the Reindictment.

8. Petitioner's claim that the Double Jeopardy Clause prevented the reindictment. The Double Jeopardy Clause prohibits a further prosecution only after jeopardy "attaches." Jeopardy attaches in a jury trial when the jury is sworn. *Crist v. Bretz*, 437 U.S. 28 (1978). It attaches in non-jury trials when the court begins to hear evidence. *Serfass v. United States*, 420 U.S. 377, 388 (1975). Jeopardy attaches to a guilty plea upon the court's acceptance of the guilty plea agreement. *United States v. Ursery*, 59 F.3d 568, 572 (6th Cir. 1995). Jeopardy never attached pursuant to the first indictment in 2003-CR-01750.

9. Allowance of a plea to a lesser offense which was not a lesser included offense in 2003-CR-01750. This claim is forfeited by Petitioner's failure to appeal.

**Conclusion**

Petitioner has demonstrated no federal constitutional error in his convictions and sentences. The Petition should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied the right to appeal *in forma pauperis* and any requested certificate of appealability.

May 28, 2010.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).