### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION AT DAYTON

WILLIAM C. BREWER,

           Petitioner,

    -vs-

STATE OF OHIO,

           Respondent.

:

:

:

Case No. 3:09-cv-462

District Judge Timothy S. Black[1]
Magistrate Judge Michael R. Merz

---

### SUPPLEMENTAL REPORT AND RECOMMENDATIONS

---

This habeas corpus case is before the Court on Petitioner's Objections (Doc. No. 29) and

Supplemental Objections (Doc. No. 30) to the Magistrate Judge's Report and Recommendations

recommending dismissal of the Petition with prejudice (Doc. No. 28).  The General Order of

Reference for the Dayton location of court permits a magistrate judge to reconsider decisions or

reports and recommendations when objections are filed.

In the Report and Recommendations, the Magistrate Judge dealt at length with the formally

raised Grounds for Relief and more summarily with arguments which seemed to have been made

in passing by the Petitioner.

In his first set of Objections, Mr. Brewer focuses on his reindictment in Case No. 2003-CR-

1750.  He claims that, under Ohio R. Crim. P. 3, in the absence of a sworn affidavit in support of a

---

[1]This case, previously assigned to District Judge Thomas M. Rose, was among those
cases randomly reassigned to District Judge Timothy S. Black upon his appointment to the
bench.

criminal complaint, the proper procedure is to dismiss the first complaint and file a new complaint.

He asserts that the absence of a sworn complaint deprives the trial court of jurisdiction and asks this

Court to examine the docket in that case.  The docket is available on the public website of

Montgomery County Clerk of Courts Gregory Brush.  The docket shows that an Indictment charging

Petitioner with one count of felonious assault on Faith Treadwell and one count of kidnaping her in

violation of Ohio Revised Code § 2905.01(A)(2) was filed June 23, 2003.  However, that was not

the first court action relating to these offenses.  There had been a prior case in the Dayton Municipal

Court under that court's case number 03-CR-488; the transcript and all papers from that case were

filed in the Common Pleas Court on June 4, 2003.  On August 1, 2003, the Reindictment was filed,

charging one count of felonious assault with a knife and one count of unlawful restraint in violation

of Ohio Revised Code § 2905.01(B)(2), both with respect to Faith Treadwell.  On August 8, 2003,

Judge Kessler granted a nolle prosequi without prejudice as to the first Indictment.

Mr. Brewer's complaint seems to be that there was never a new criminal complaint filed to

match the charges in the Reindictment.  But no such new complaint is necessary.  The purpose of

a complaint in Ohio criminal practice is to initiate the criminal process to bring a defendant before

a municipal or county court. Once that court conducts a preliminary hearing and binds the defendant

over to the grand jury for its consideration of probable cause, there is simply no requirement for the

grand jury to send the case back to municipal court for a new criminal complaint under oath.  In fact,

there is no requirement that a case start in the inferior court; many cases are taken directly to the

grand jury by the county prosecutor without ever passing through the municipal or county court.

Mr. Brewer goes on to protest that there was no case because the victim, Faith Treadwell,

"dropped the charges."  In arguing this point, Mr. Brewer makes a mistake common in the public

perception, to wit, that criminal charges somehow "belong" to the victim who can "drop" them at will.  The Common Pleas docket does reflect that Ms. Treadwell became a reluctant witness, but the case was not hers to "drop."  Once a grand jury returns an indictment, the case "belongs" to the State of Ohio, not the victim.

Mr. Brewer refers several times to testimony taken before Magistrate Nadine Ballard in 2006.  There are no entries on the docket mentioning her name in 2006.  Ms. Treadwell's alleged admissions in 2006 to crimes committed against Petitioner are immaterial to this case.

In his Supplemental Objections (Doc. No. 30), Petitioner claims that an original indictment cannot be reinstated after dismissal, citing *State v. Brown*, 2, Ohio App. 3d 400, 442 N.E. 2d 475 (Ohio App. 1st Dist. 1981).  That case concludes that a court may not keep jurisdiction over a defendant by a conditional dismissal pending treatment to restore to competency. It holds

> If a defendant is found to be incompetent to stand trial, the indictment against him must be dismissed pursuant to R.C. 2945.38(G). Before the defendant can again be prosecuted for the same crime, he must be re-indicted by the grand jury. Unless the defendant waives his right to indictment pursuant to Crim. R. 7(A), the original indictment may not be reinstated against him upon motion to the court.

Id..., syllabus.  However, Mr. Brewer was not found incompetent to stand trial and his case was resubmitted to the grand jury which returned the Reindictment.  Moreover, even if this had been a violation of Ohio law, it would not have violated federal constitutional law, because there is no federal constitutional requirement that States proceed against criminal defendants by way of a grand jury.  *Hurtado v. California*, 110 U.S. 516 (1884); *Branzburg v. Hayes,* 408 U.S. 665, 687-88 n. 25 (1972) *Gerstein v. Pugh*, 420 U.S. 103 (1975); *Williams v. Haviland*, 467 F.3d 527 (6th Cir. 2006)(*Apprendi* does not change this result).

In the second part of his Supplemental Objections, Petitioner argues the Double Jeopardy

Clause prevented the consecutive sentences imposed on him.  But the Double Jeopardy Clause only prohibits punishment for two offenses if they are essentially the same offense in that one of them contains all the elements of the other.  *United States v. Dixon*, 509 U.S. 688 (1993); *Blockburger v. United States*, 284 U.S. 299 (1932).  The offenses of felonious assault and unlawful restraint have completely different elements.[2]

In the third part of his Supplemental Objections, Mr. Brewer again complains of reinstatement of the charges against him, citing *State, ex rel Flynt, v. Dinkelacker*, 156 Ohio App. 3d 595, 807 N.E. 2d 967 (Ohio App. 1st Dist. 2004)(Painter, J.).  As in the *Brown* case, the prosecutor asserted there had been a conditional dismissal of prior criminal charges; the Court of Appeals held that there is no such thing as a conditional dismissal in a criminal case in Ohio. Rather, there must be a new indictment.  That is what the Reindictment here is – a new indictment returned by a grand jury.

Mr. Brewer goes on at some length about the enforceability of arbitration agreements, which appears to have nothing to do with this case.  He then recites facts relating to allied offenses of similar import in a case against a person named Fischer, which also have nothing to do with this case.

Nowhere in either set of Objections does Mr. Brewer deal with the point made in the Report and Recommendations that his claims about the 2003 conviction are waived by his failure ever to appeal from the judgment in that case.

---

[2]In the original Report and Recommendations, the Magistrate Judge read Petitioner's Double Jeopardy claim as being that he could not be reindicted after the original Indictment was dismissed.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge again respectfully recommends that

the Petition be dismissed with prejudice and that Petitioner be denied leave to appeal *in forma*

*pauperis* and any requested certificate of appealability.

June 2, 2010.

s/ <strong>Michael R. Merz</strong>
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections
to the proposed findings and recommendations within fourteen days after being served with this
Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically
extended to seventeen days because this Report is being served by one of the methods of service
listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely
motion for an extension.  Such objections shall specify the portions of the Report objected to and
shall be accompanied by a memorandum of law in support of the objections.  If the Report and
Recommendations are based in whole or in part upon matters occurring of record at an oral hearing,
the objecting party shall promptly arrange for the transcription of the record, or such portions of it
as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District
Judge otherwise directs.  A party may respond to another party's objections within fourteen days
after being served with a copy thereof.  Failure to make objections in accordance with this procedure
may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas
v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).